**564**

**CARL MOORE COAL COMPANY, Inc.,**
**Appellant,**

v.

**Arlin JOHNSON, Workmen's Compensation**
**Board of Kentucky and the Special**
**Fund, Appellees.**

Court of Appeals of Kentucky.

June 6, 1969.

J. W. Craft, Jr., Craft & Haynes, Hazard, for appellant.

Hobart Clay Johnson, Stratton & Johnson, Pikeville, for appellees.

WADDILL, Commissioner.

The Kentucky Workmen's Compensation Board awarded appellee, Arlin Johnson, compensation provided for total disability. KRS 342.095. The Board found that 80% of appellee's disability resulted from pre-existing coronary arteriosclerosis and 20% of his disability was due to his heart attack caused by overexertion while at work for the appellant. The Board apportioned 80% of the award against the Special Fund and 20% against the appellant. The Pike Circuit Court upheld the award and the apportionment made by the Board.

Appellant contends on this appeal that there is no evidence that the alleged heart attack that appellee sustained while at work would cause any disability had he not had a preexisting heart disease. Hence, it is further contended that the Special Fund (KRS 342.120) alone should pay compensation for appellee's present disability, which was set at 100% by all of the medical testimony.

While there is some medical testimony indicating that appellee's disability is attributable primarily to a preexisting condition that was aroused into disabling reality by his overexertion and heart attack, Doctor F. Albert Olash, the Board-appointed physician, estimated that 20% of appellee's disability is due to his heart attack. Similar estimates of appellee's work-connected disability were also made by other physicians who had examined appellee and, while not conclusive of the apportionment question, these estimates are sufficient to support the Board's apportionment of the liability between the Special Fund and the appellant. For a comprehensive discussion of the involved subject see Hudson v. Owens, Ky., 439 S.W.2d 565.

The contention, also being made by appellant, that appellee did not sustain a traumatic accident within the meaning of KRS 342.005 was rejected by this court in Trailer Convoys, Inc. v. Holsclaw, Ky., 419 S.W.2d 563, and was again rejected in Hudson v. Owens, supra. There is no need to restate our views here.

The judgment is affirmed.

All concur.